FILED
SUPERIOR COURT
OF GUAM

2021 MAR 31 PM 2:21

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0227-19 |
| vs. | |
| PAUL SANTOS MAFNAS, JR., aka Paul Junior Santos Mafnas, aka Paul Santos Mafnas, DOB: 09/24/1965 | **DECISION AND ORDER RE. MOTION TO WITHDRAW AS COUNSEL** |
| Defendant. | |

**Introduction**

On March 23, 2021, this matter came before the Honorable Maria T. Cenzon for a hearing on Defense Counsel's Motion to Withdraw (the "Motion") filed by Assistant Public Defender Peter J. Sablan, Esq. (hereinafter "Defense Counsel" or "Mr. Sablan"). Defendant Paul Santos Mafnas, Jr. ("Defendant") was present *in person* with Mr. Sablan. Also present at the hearing was Assistant Attorney General Christine Tenorio representing the People of Guam.[1]

Having heard from Defense Counsel as well as the Defendant during the hearing, the Court denied the motion from the bench, articulating that, while the Defendant has a constitutional right to effective counsel, such right is not absolute, and an indigent defendant has no right to choose any specific lawyer to represent him. Thus, while the Court denied the Motion to Withdraw, the Court also relieved Mr. Sablan from his assignment to assist Defendant and

---

[1] This matter was originally scheduled as a Change of Plea hearing; however, on March 15, 2021, Mr. Sablan filed the Motion to Withdraw.

specifically directed Public Defender Stephen Hattori to continue to represent Defendant in this case. This Order memorializes the Court's ruling from the bench.

### Discussion and Analysis

Defendant is charged with FIRST DEGREE CRIMINAL SEXUAL CONDUCT (as a 1st Degree Felony), *2 counts;* ATTEMPTED FIRST DEGREE CRIMINAL SEXUAL CONDUCT (as a 1st Degree Felony), 2 counts; and SECOND DEGREE CRIMINAL SEXUAL CONDUCT (as a 1st Degree Felony), along with Special Allegations of Vulnerable Victim and Possession and Use of a Deadly Weapon in the Commission of a Felony. Trial of this matter was scheduled to commence on February 10, 2021; however, on February 8, 2021, the Parties informed the Court that a resolution without trial had been reached and the Court set the Change of Plea hearing for March 23, 2021. On March 15, 2021, however, Defense Counsel filed the instant Motion to Withdraw. No Plea Agreement has been submitted by the parties. Defendant has waived his right to speedy trial.

An attorney may seek leave to withdraw from representing a client under Rule 1.16 of the Guam Rules of Professional Conduct, which states in relevant part:

> [A] lawyer may withdraw from representing a client if (5) the client fails to substantially fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation.. has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists.

Guam Rules of Professional Conduct, Rule 1.16(b) (2012). In determining whether the Court shall appoint new counsel, the Court notes that the Sixth Amendment to the Constitution does

not guarantee a "meaningful attorney-client relationship" between an accused and his counsel. *See, Morris v. Slappy*, 103 S.Ct. 1610, 1617-1618 (1983).[2]

During the hearing, the Court queried Defendant with regard to the perceived breakdown in communications between himself and Defense Counsel, as set forth in the Declaration of Mr. Sablan in support of the motion to withdraw. Although Defendant agreed that there was a difference of opinion regarding the strategy of the case, he also believed that there was still a chance that such differences could be resolved:

> COURT: ...My question to you is: why do you believe that there is a need for you to discharge your counsel?
> MAFNAS: I felt...I really felt, your Honor, that ... there was no fight in my counsel, basically. I felt like he was giving up. ...
> COURT: Let me ask you this: do you believe that you have a difference of opinion with respect to how to proceed with your case?
> MAFNAS: Yes, Your Honor
> COURT: And do you believe that this fundamental difference makes it, uh, essentially impossible for you to continue with Mr. Sablan as your counsel?
> MAFNAS: [silence]. I don't know.
> COURT: To put it another way, do you think that there is any room for further discussion between you and Mr. Sablan?
> MAFNAS: I believe there still is.

*Hrg.* at 2:14:35 – 2:15:34 (March 23, 2021).

In response, Mr. Sablan stated that there is a "breakdown in communication and I don't think he trusts my counsel." *Id.* at 2:16:11–2:16:55. However, counsel for Defendant also indicated that while there are other defense attorneys at the Public Defender Services Corporation, there are only a limited number who are assigned to this Court's courtroom, and Mr. Sablan is the most experienced of those in that assignment. *Id.* at 2:17:35. The Court finds

---

[2] *See also,* United States v. Brown, 785 F.3d 1337, 1343 (9th Cir. 2015) (quoting Rivera–Corona, 618 F.3d at 979); U.S. Const. amend. VI. ("where the court has appointed an attorney for an indigent defendant, the defendant, like all criminal defendants, has 'a constitutional right to effective counsel.' But he does not have the right to the counsel of his choice; that is, 'to have a specific lawyer appointed by the court and paid for by the public.'")

that an internal assignment process is not a sufficient reason to appoint new counsel and that Defendant's right to effective counsel would be satisfied by appointing another Public Defender.

During the hearing, Assistant Attorney General Tenorio indicated that Mr. Sablan has been a zealous advocate for his client and stated that the plea offer, which counsels believed to have been accepted and which is purportedly very favorable in light of the charges against the Defendant, was the result of vigorous negotiations between herself and Mr. Sablan (specifically), resulting in a plea that was "so low." *Hrg.* at 2:17:45 to 2:18:12.

In analyzing Mr. Sablan's Motion to Withdraw as counsel for the Defendant, the Court first emphasizes that a court is not required to provide an indigent accused with any particular attorney whom he may desire. *United States v. Brown,* 785 F.3d 1337, 1343 (9th Cir. 2015)(citing *Rivera-Corona,* 618 F.3d 976, (9th Cir. 2010)(indigent defendants have a constitutional right to effective counsel, but not to have a specific lawyer appointed by the court and paid for by the public). However, the Ninth Circuit Court of Appeals has held that:

> Where a criminal defendant has, with legitimate reason, completely lost trust in his attorney, and the trial court refuses to remove the attorney, the defendant is constructively denied counsel." *United States v. Adelzo-Gonzalez,* 268 F.3d at 772, 778-779 (9th Cir. 2001). This is true even where the breakdown is a result of the defendant's refusal to speak to counsel, unless the defendant's refusal to cooperate demonstrates "unreasonable contumacy." *Brown v. Craven,* 424 F.2d 1166, 1169 (9th Cir.1970).

*Daniels v. Woodford,* 428 F.3d 1181, 1198 (9th Cir. 2005). Thus, the Court considers the extent of the conflict which has arisen purportedly supporting the withdrawal by Mr. Sablan to serve as Defendant's Counsel.

Mr. Sablan's Declaration indicates that Defendant "has indicated that he no longer wishes that I represent him and that a break down in this attorney client relation exist [sic]." *Sablan Decl.* at ¶ 6 (March 15, 2021). However, during the hearing, Defendant indicated that he believed

that there was still room for further discussion with Mr. Sablan about his case and such a "breakdown" does not appear to rise to the level requiring withdrawal by PDSC. *See, e.g., United States v. Adelzo-Gonzales,* 286 F.3d 772, 779 (9th Cir. 2001)(defense counsel calling his client a liar and threatening to deliberately lose the case); *United States v. Moore,* 159 F.3d 1154, 1160 (9th Cir. 1998)(defendant threatened to sue his attorney for malpractice). The Court finds that Mr. Sablan's concerns do, however, rise to the level justifying his request to be relieved as counsel for the Defendant, but that the Public Defender Services Corporation, which is the appointed counsel, is not excused from such representation and to the extent that this Court appoints Public Defender Stephen Hattori specifically to represent the Defendant, the Motion to Withdraw is **<u>DENIED</u>**.

## <u>Conclusion</u>

Based on the foregoing reasons, the Court finds there is good cause to relieve Mr. Sablan from representing Defendant in this case, but that finds no good cause to relieve the Public Defender Services Corporation and hereby **ORDERS and APPOINTS Public Defender Stephen Hattori** to represent Defendant in Mr. Sablan's stead.

**SO ORDERED,** MAR 3 1 2021 _____ *nunc pro tunc* March 23, 2021.

_____
**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG , PDSC
_____
31 f.
Date: 3/31/21 Time: 2:22 p
Antonio A. Cruz
Deputy Clerk, Superior Court of Guam